66757. DAVIS v. THE STATE.

Banke, Judge.

The appellant was convicted of selling the controlled substance phenylcyclolexyl ethylamine (PCE). After the jury had been deliberating for an hour, it returned for the ostensible reason of posing a question for the court. Upon being asked to state the problem, the foreperson reported that after three or four votes, the count stood at six for guilty, five not guilty, and one undecided. The trial court then gave the jury a so-called "Allen" charge from Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). *Held:*

1. The appellant's first contention is that the Allen charge should not have been given. However, consideration of this enumeration of error is precluded by the appellant's failure to object at trial. See *Jackson v. State,* 154 Ga. App. 411, 412 (268 SE2d 749) (1980).

2. The appellant further contends that "the court erred in not attempting to stop the foreman of the jury from announcing how and for whom the jury was voting prior to the jury reaching a verdict." Again, no objection or motion for mistrial was interposed at the time. Furthermore, since the information was not elicited or sought by the court but was volunteered, the court could not be held to have committed any error. See *Huffaker v. State,* 119 Ga. App. 742, 743 (168 SE2d 895) (1969); *Wilson v. State,* 145 Ga. App. 315 (4) (244 SE2d 355) (1978).

3. The appellant contends that the trial court erred in failing to give his requests to charge on burden of proof and reasonable doubt. We have carefully examined the court's charge as to these principles of law and find them adequate in every respect. "Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." *Leutner v. State,* 235 Ga. 77 (5) (218 SE2d 820) (1975).

4. The court did not err in denying the appellant's motion for a directed verdict. An undercover police officer testified that he purchased the substance from the defendant, and a chemist identified it as a controlled substance. The appellant and his brother

testified that the transaction did not occur. "Where the testimony of the state and that of the [appellant] is in conflict, the jury is the final arbiter [Cits.] . . . The evidence of the primary issue being in conflict, the jury's resolution . . . against the appellant will be affirmed where the evidence adequately supports the jury's conviction, which it does in this case." *Mitchell v. State,* 157 Ga. App. 181 (2) (276 SE2d 864) (1981). Viewed from the standpoint of the state's evidence, any rational trier of fact reasonably could have found all the essential elements of the crime charged beyond reasonable doubt.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 3, 1984.

*Thomas M. Hackel, James D. Clark,* for appellant.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.