## 45046. PULLIN v. THE STATE.
(364 SE2d 848)

MARSHALL, Chief Justice.

The appellant, Charles Marion Pullin, and two others, were indicted for the offense of the malice murder of Carlos "Scooter" Johnson, or, in the alternative, the felony murder of the victim, on the ground that the homicide occurred while the co-indictees were in the commission of the offense of aggravated assault. The appellant was convicted of felony murder, and he was sentenced to life imprisonment. He appeals. We affirm.[1]

Construed in a light most favorable to the verdict, the evidence at trial showed the following:

The victim and a group of companions, including Tracy Allen, were playing football on the day of the victim's death, which was October 20, 1986. Afterward, the victim stated that he wished to get a necklace from his girl friend at Glen Point Apartments, which are located in Decatur, Georgia. When they arrived, "three guys" — identified as the appellant, Rochelle Johnson, and Johnnie Tatem — were at the apartment.

Words were exchanged between the two groups. The appellant repaired to the vehicle he was operating and retrieved a .32-caliber pistol. The pistol was waved, rocks were thrown, and the appellant was hit in the head by a beer bottle thrown by Tracy Allen.

The appellant and his companions then drove off. They went to Rochelle Johnson's house, took possession of a .22-caliber rifle, and returned to the apartments. They caught sight of the other group of boys running away from the scene. The appellant loaded and fired the rifle, discharging it one time with the bullet striking the victim in his chest. Although there was testimony on the part of the defense that the group of boys was charging at the car when the gun was fired, forensic evidence revealed no gunpowder residue on the victim.

The appellant and his companions departed the scene of the shooting and stored the murder weapon in the trunk of the car which they were driving, which belonged to Johnnie Tatem.

The victim was in possession of no weapon at the time of the murder. After the victim was shot, Johnson and Tatem were taken into police custody, and they led the police to the murder weapon and to the appellant.

---

[1] The crime in this case occurred on October 20, 1986. The trial occurred on January 20, 21, and 27, 1987. The jury returned its verdict of guilty on January 27, and the appellant was sentenced on that date. No motion for new trial was filed, although an extraordinary motion for new trial was filed on June 8, 1987. An out-of-time appeal was granted, and the notice of appeal was filed on July 15, 1987. The record and transcript were docketed in this court on September 23, 1987, and the case was submitted for decision without oral argument on November 6, 1987.

While in custody, the appellant gave a statement to police, which was admitted in evidence at trial, to the effect that he returned to the victim's girl friend's apartment because he was upset over the manner in which the victim and his companions "did them," and that he never saw any weapons in the possession of the victim or his companions. However, at trial the appellant testified that he thought he saw a weapon in the victim's hands, that he returned to the victim's girl friend's apartment because they wanted to make sure that he was all right, and that he had seen caps being worn by some group of boys, identifying them as members in a local, juvenile gang called, "Down by Law."

In this appeal, the appellant advances five enumerations of error.

1. First, he argues that the evidence at trial was insufficient to authorize a verdict of guilty under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We disagree.

We hold that the evidence summarized earlier in this opinion was sufficient to authorize a rational trier of fact in finding the appellant guilty of the offense of felony murder beyond a reasonable doubt.

2. Second, the appellant argues that the trial court erred in refusing to give his request to charge the jury that a killing, done out of fear of an injury being inflicted in a manner which would not be a felony, is manslaughter.

This charge is taken from headnote 10 of *Keener v. State*, 18 Ga. 194 (1855), in which this Court, speaking through Justice Lumpkin, espoused the following as a correct statement of law under the statutory criminal law then in effect in this state: "If one kills another, under the fears of a reasonable man, that the deceased was manifestly intending to commit a personal injury upon him, amounting to felony, the killing is justifiable homicide; if the prisoner is under similar fears of some injury less than a felony, the offence [sic] is manslaughter, and not murder." The preceding requested charge constitutes an expression of a facet of the concept of justification or self-defense, and this concept is now codified in OCGA § 16-3-21 (a) and (b).

Section 16-3-21 (a) provides, "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony."

Section 16-3-21 (b) provides, "A person is not justified in using force under the circumstances specified in subsection (a) of this Code section if he: (1) Initially provokes the use of force against himself

with the intent to use such force as an excuse to inflict bodily harm upon the assailant; (2) Is attempting to commit, committing, or fleeing after the commission or attempted commission of a felony; or (3) Was the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other, notwithstanding, continues or threatens to continue the use of unlawful force."

The trial court here gave the jury a full and fair instruction with respect to the foregoing Code sections, and we find no error.

3. In his third enumeration of error, the appellant argues that the trial court erred in refusing to give the appellant's requested jury charge on the following provisions of OCGA § 16-3-5: "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." The appellant contends that this charge was adjusted to the evidence, specifically the appellant's testimony that he thought he saw a gun in the possession of the victim at the time he shot him.

As held in *Ellis v. State*, 174 Ga. App. 535 (2) (330 SE2d 764) (1985), inasmuch as the appellant's defense was based on justification and self-defense, and inasmuch as the trial court gave a full jury charge with respect thereto, as noted in Div. 1, supra, the appellant was not entitled to a charge on mistake of fact under § 16-3-5. Cf. *Henderson v. State*, 141 Ga. App. 430 (4) (233 SE2d 505) (1977) and cits.

4. In his fourth enumeration, the appellant argues that the trial court erred in failing to instruct the jury on involuntary manslaughter under OCGA § 16-5-3 (b).

Section 16-5-3 (b) provides, in pertinent part, "A person commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm."

The appellant argues that the use of excessive force in self-defense constitutes the commission of a "lawful act in an unlawful manner," within the meaning of § 16-5-3 (b), thereby authorizing the jury to have convicted the appellant of involuntary manslaughter under the foregoing statutory provision. We disagree.

It has been held quite clearly that, "[a]lthough the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful act-unlawful manner-involuntary manslaughter on the theory that the use of the gun was unnecessary (i.e., the force used was excessive)." *Crawford v. State*, 245 Ga. 89, 94 (263 SE2d 131) (1980).

5. In his fifth and final enumeration, the appellant argues that the trial court erred in allowing the victim's mother to testify at trial.

This witness essentially testified that she was the mother of the victim, that his nickname was "Scooter," and that he was in fact deceased; she also identified him from a high-school photograph. This testimony is reproduced on approximately one page of the transcript, and the testimony was not objected to by defense counsel.

We find nothing prejudicial in this testimony; in addition, such testimony was admissible to prove the identity of the victim and the element of corpus delicti with respect to the death of the victim. *Sizemore v. State*, 251 Ga. 867, 868 (2) (310 SE2d 227) (1984) and cits. Furthermore, the appellant's failure to object to the introduction of this testimony at trial constitutes a waiver, precluding the appellant from raising the issue on appeal. E.g., *Lobdell v. State*, 256 Ga. 769 (4) (353 SE2d 799) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 12, 1988.

*Carl P. Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Elisabeth G. MacNamara, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.