### A89A1609. SCAVONNE v. THE STATE.
(388 SE2d 375)

BENHAM, Judge.

Appellant was found guilty of homicide by vehicle. See OCGA § 40-6-393 (a).

1. Appellant contends the trial court erred when it denied his motion for a directed verdict. A defendant is entitled to a directed verdict "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." OCGA § 17-9-1 (a). The State presented evidence that appellant was driving a car which crossed the centerline and struck an approaching vehicle, killing a person in the approaching vehicle. The investigating officer detected the odor of alcohol about appellant and noticed empty as well as unopened beer cans strewn about appellant's car. Appellant told the officer that he had consumed a beer approximately 1-3/4 to 2 hours before the collision, and a gas chromatography on a sample of appellant's blood removed from appellant 1-1/3 hours after the collision revealed a .09 blood alcohol content. The GBI forensic chemist who performed the gas chromatography testified that the blood alcohol level rises from the time one imbibes until approximately 1-1/2 hours later, at which point it begins decreasing due to dissipation via metabolism. The average dissipation rate is .015 grams per hour, and alcohol does not continue dissipating once the blood is removed from a body. The forensic chemist opined that if the blood alcohol level were .09 1-1/3 hours after a collision, the blood alcohol rate at the time of collision would have been between .11 and .12. Inasmuch as the evidence authorized the jury to conclude beyond a reasonable doubt that appellant was driving his vehicle while under the influence of alcohol and caused the death of another, the trial court did not err in denying appellant's motion for a directed verdict. *Davis v. State*, 187 Ga. App. 517 (3) (370 SE2d 779) (1988).

2. Using a photograph depicting a young man, a young woman, and a child, the investigating officer identified the young woman as the deceased victim named in the indictment. Appellant objected, arguing that the admission of the family portrait was prejudicial. The assistant district attorney stated that the proffered photograph of the victim was the only legible one he could find.

"We find the photograph depicting the victim in life was, in conjunction with the officer's identification testimony, admissible to prove an 'element of the corpus delicti; that is, that the person alleged to have been killed is actually dead.' [Cits.] It was necessary for the State to establish the identity of the victim. No other evidence of identity was offered at trial. . . . [A] photograph relevant and material to the issues is not excludable on the ground that it is prejudicial. [Cit.] Under these circumstances we find no error." *Sizemore v. State*, 251 Ga. 867 (2) (310 SE2d 227) (1984).

3. Appellant contends the trial court committed reversible error in failing to charge the jury on proximate cause and failing to give the jury the charge on accident submitted by appellant. A review of the

jury instructions established that the trial court gave appropriate charges on the two subject matters. " 'Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error.' " *Davis v. State*, 169 Ga. App. 386 (3) (313 SE2d 109) (1984).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 20, 1989.

*Thacker & Thacker, Louis C. Thacker*, for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom, Assistant District Attorney*, for appellee.