A90A1164. SMITH v. THE STATE.
(396 SE2d 809)

BANKE, Presiding Judge.

The appellant was convicted of voluntary manslaughter and armed robbery. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in refusing to declare a mistrial after the investigating officer, upon being asked to explain why there had been a month's delay before an eyewitness to the shooting was shown a photographic display from which she identified the appellant, responded that the witness had been in hiding "in fear of her life." At the request of the state's attorney, this testimony was stricken, and the jury was instructed to disregard it. Moreover, the record reveals that the witness in question had previously testified without objection concerning her fear of the appellant, stating, "they were going to kill me if I tell on him." " 'Proof of the same facts by legally admissible evidence renders harmless any admission of inadmissible evidence.' [Cit.]" *Harrell v. State*, 192 Ga. App. 876, 877 (386 SE2d 676) (1989). Under the circumstances, the trial court did not abuse its discretion in denying the motion for mistrial.

2. The appellant similarly contends that the trial court should have declared a mistrial in response to a remark made by the state's attorney during closing argument concerning the witness' fear of testifying. As requested by appellant's counsel, the trial court instructed the jury to disregard the objectionable statement, and the appellant did not request further curative instruction or renew his motion for mistrial. "When a motion for mistrial is not renewed after curative instructions by the court, the issue is not preserved for appeal." *Smith v. State*, 187 Ga. App. 322 (370 SE2d 185) (1988).

3. The appellant contends that the trial court erred in admitting the murder victim's high school graduation photograph. The photo-

graph was shown to the eyewitness to confirm her identification of the victim, whose full name was not known to her. It is well settled that "a photograph relevant and material to the issues is not excludable on the ground that it is prejudicial. [Cit.]" *Sizemore v. State*, 251 Ga. 867 (310 SE2d 227) (1984). See also *Scavonne v. State*, 193 Ga. App. 603 (388 SE2d 375) (1989). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*John A. Pickens*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Carl P. Greenberg, Joseph F. Buford*, Assistant District Attorneys, for appellee.