## A98A1824. LASTER v. THE STATE.
(505 SE2d 560)

ELDRIDGE, Judge.

A jury convicted the defendant, Robert McCloud Laster, of arson in the first degree by finding him guilty but mentally retarded. He was sentenced to twenty years to serve ten years, balance on probation. The defendant appeals from the trial court's denial of his motion for new trial.

In the light most favorable to the verdict, the evidence shows the following: On October 8, 1996, at approximately 10:24 p.m., Sergeant Donny Cooper of the Tifton Police Department responded to a call at the Tifton Cinema Six Theater. The defendant, Daniel Green, and James Lee Couson were creating a disturbance and smoking in violation of the theater's regulations. They had refused to obey the manager's request to leave. When Officer Cooper requested that they leave the theater, the defendant and Couson left. Green, however, charged at the manager and shoved him. Green was arrested. Officer Cooper testified that, as he was placing Green in the police car, the defendant and Couson turned around and "started coming back like they were going to help him out[.]" Officer Cooper directed the defendant and Couson to leave the premises. After hesitating a few seconds, they left.

Couson was called as a witness for the State. He testified that, once he and the defendant left the premises of the theater, they went to a nearby Pizza Hut and then went to Foodmax and purchased "two jugs of water," emptied the water from the containers, and filled the containers with gasoline at a nearby gas station. After filling the containers with gasoline, the defendant and Couson walked to the Video Warehouse and the bowling alley and then went back to the Cinema Six Theater with the intention to set it on fire. The defendant carried one container of gasoline and Couson carried the other. When they arrived at the theater, the defendant poured the gasoline on the outer wall of the theater and set the gasoline on fire with a match.

In a statement to the police, the defendant admitted buying the gasoline but stated he purchased it for a friend whose name he did not know. The defendant stated that he and Couson thought about burning down the theater, but decided not to because they were both on probation and did not want to go to jail. The defendant stated that he and Couson took the gasoline they purchased back to the friend.

Paul Boyd and Adam Smith, firefighters for the City of Tifton Fire Department, responded to the fire at the theater. Both testified that the burned area smelled of gasoline and the burn pattern indicated a fire that was started by gasoline. Mitch Williams, an investigator with the Tifton Police Department, took samples of the grass and stucco near the burned area of the theater and sent it to the Georgia Bureau of Investigation for testing. Brian Hargrett of the Georgia Bureau of Investigation testified that the tests he performed on the grass and vegetation samples revealed the presence of gasoline.

1. The defendant challenges the sufficiency of the evidence. "On appeal the evidence must be viewed in a light most favorable to the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, on appeal this [C]ourt determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offense for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant further alleges that his character was improperly placed into evidence by the State and that the trial court erred in denying his motion for mistrial.

During the State's direct examination of Sergeant Cooper, the following testimony was given: "Q. Did you just state that you recognized this defendant? A. Yes, sir, he was wearing glasses like he is now at the theater that time. Q. Okay sir. A. At the revocation hearing, he wasn't wearing glasses." The defendant made a motion for a mistrial, which was denied by the trial court. No curative instructions were requested or given.

"[T]he decision of whether such [statement is] so prejudicial as to warrant a mistrial is left to the discretion of the trial court. On appeal, our inquiry must focus on whether the trial court abused that discretion, which includes consideration of the nature of the statement, the other evidence introduced during the trial, and the action taken by the court and counsel concerning the impropriety." (Citations and punctuation omitted.) *Ranalli v. State*, 197 Ga. App. 360, 364 (398 SE2d 420) (1990).

The evidence that the defendant had previously been on probation was properly admitted as part of the defendant's statement to the police. Sergeant Cooper read the statement defendant made to him to the jury. In such statement, the defendant stated that he and Couson decided not to burn down the theater because they were both on probation and did not want to go to jail. "Proof of the same facts by legally admissible evidence renders harmless any admission of inadmissible evidence. [Cits.]" (Punctuation omitted.) *Smith v. State*, 196 Ga. App. 758 (396 SE2d 809) (1990); *Crawford v. State*, 178 Ga. App. 739 (344 SE2d 533) (1986). Accordingly, it was not error to deny the defendant's motion for a mistrial.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 18, 1998.

*Lon P. Kemeness*, for appellant.

*C. Paul Bowden, District Attorney, Gregory A. Clark, Assistant District Attorney*, for appellee.