## S04A1144. HEYWARD v. THE STATE.
### (602 SE2d 831)

CARLEY, Justice.

A jury found Louis Heyward guilty of malice murder and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on the guilty verdicts, and sentenced Heyward to life imprisonment for the murder and to a five-year consecutive term for the weapons offense. After the trial court denied a motion for new trial, Heyward appeals.[1]

1. The victim, Jerome Anderson, was shot several times while he was smoking a cigarette outside of the residence he shared with his cousin and grandmother. The shots were fired by the driver of a gray Camaro IROC. Anderson's cousin, Derrick Lark, who was seated on the porch, recognized Louis "Grunt" Heyward as the shooter. Before he died, Anderson also identified the perpetrator as "Heyward" and as "Grunt." Heyward had been known by that nickname since birth. An abandoned gray Camaro IROC was discovered and linked to him. The automobile contained a shell casing matching the type found at

---

[1] The crimes were committed on July 11, 2000. The grand jury indicted Heyward on February 7, 2001. The jury returned the guilty verdicts on January 30, 2002, and the trial court entered the judgments of conviction and imposed the sentences on that same day. Heyward filed a motion for new trial on January 31, 2002, which the trial court denied on November 10, 2003. Heyward filed a notice of appeal on December 8, 2003, and the case was docketed in this Court on March 17, 2004. The appeal was submitted for decision on May 10, 2004.

the scene of Anderson's murder. Heyward was arrested in Philadelphia some months after the homicide. At trial, he chose not to testify in his own behalf, and did not call any witnesses in his defense.

When construed most strongly in support of the verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Heyward was guilty of murdering Anderson and of possessing a firearm during commission of that felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Heyward enumerates as error the failure to give requested charges on justification, mistake of fact, and voluntary manslaughter. However, the State's evidence shows that he intentionally shot the unarmed victim in an unprovoked attack, and the defense did not present anything to authorize a contrary finding. Heyward cites only speculation and conjecture as support for the requested charges, but jury instructions must be authorized by evidence. There was absolutely no evidentiary support for a finding that Anderson was armed, that he provoked the assault or that Heyward fired in the reasonable, but mistaken, belief that he was justified in doing so. Compare *Pullin v. State*, 257 Ga. 815, 817 (4) (364 SE2d 848) (1988). "[I]t is not error to refuse a requested charge when there is no evidence to support it, [cit.] . . . ." *Monsalve v. State*, 271 Ga. 523, 526 (3) (519 SE2d 915) (1999). Because there was not even slight evidence to support the requests, the trial court properly refused to give them. See *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998).

3. Pursuant to Uniform Superior Court Rule 31.3 (A), the State moved for a pre-trial ruling on the admissibility of testimony from Lark, who was both an eyewitness and Anderson's cousin, that he had been a victim of a previous assault committed by Heyward. The asserted relevancy of this evidence was to show Heyward's identity, plan, scheme and bent of mind. After conducting a hearing at which the prosecutor made a proffer of what he expected to elicit from Lark, the trial court held that the proposed testimony would be admissible at trial as similar transaction evidence. On appeal, Heyward concedes both the similarity and relevancy of the evidence, but urges that the latter is outweighed by its prejudice.

The only factor cited below as a source of prejudice was that Lark had been paralyzed as the result of being shot by Heyward. According to defense counsel,

> that circumstance, in and of itself, is extremely prejudicial in light of the appearance of Mr. Lark and the injuries that were suffered in that shooting, irrespective of who did it, they were so extreme and so severe that it will just be very inflammatory and it'll be a matter that Mr. Heyward will not be able to

overcome in the mind of the jury and, for that reason, . . . we're asking the Court to exclude it.

Relevant similar transaction "evidence should be admitted and the prejudicial impact of that otherwise relevant evidence is a matter for jury instruction, and is not a factor in its admissibility vel non." *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995). Thus, if Lark's shooting was sufficiently similar and its occurrence was admissible for an appropriate purpose in this trial, his paralysis would not preclude him from testifying.

Moreover, Lark's testimony at trial was not consistent with the prosecutor's proffer at the pre-trial hearing. On the stand, he ultimately admitted for the first time that his previous accounts of the prior incident were lies. At this trial, he testified that he had accosted Heyward with the gun, intending to rob him, and that, in a struggle over the weapon, he had been shot. Thus, Lark's actual testimony assumed responsibility for his injury, and portrayed Heyward as the actual victim who had acted in self-defense in connection with the previous incident. This testimony clearly was not prejudicial to Heyward. It gave defense counsel the opportunity to question Lark's credibility as an eyewitness to the murder charged in this case.

*Judgments affirmed. All the Justices concur, except Fletcher, C. J., who concurs in Divisions 1 and 2 and in the judgment.*

DECIDED SEPTEMBER 13, 2004.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, Michael L. Edwards*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.