S04A1714. MORGAN v. THE STATE.
(608 SE2d 619)

FLETCHER, Chief Justice.

A jury convicted Roytrevious Morgan of malice murder in the shooting death of Marcell Malcolm.[1] Morgan raises several issues on appeal, none of which are meritorious. Accordingly, we affirm.

---

[15] *Strickland*, 466 U. S. at 694.

[16] Id.

[17] *Wright v. State*, 267 Ga. 496, 497 (480 SE2d 13) (1997).

[18] See *Mason v. State*, 274 Ga. 79, 80 (548 SE2d 298) (2001).

[19] Id.

[1] The crime occurred May 1, 1999. A grand jury indicted Morgan on May 21, 1999 for malice and felony murder. Following a jury trial, Morgan was found guilty on both counts on January 26, 2000. The trial court sentenced Morgan to life imprisonment for malice murder and the felony murder count was vacated by operation of law. Morgan filed a motion for out-of-time appeal on September 23, 2003, which the trial court granted. Morgan then filed a motion for new trial, which the trial court denied on May 6, 2004, following a hearing. Morgan filed his notice of appeal on May 25, 2004, the case was docketed in this Court on June 23, 2004, and submitted for decision on the briefs on August 16, 2004.

The evidence at trial showed that Morgan and several friends drove from Stone Mountain to Walton County to recover his automobile rims from the victim. Morgan found the victim sitting in his car in the parking lot of an apartment complex, but only three of the four rims were on the victim's car. The victim told Morgan that his car would not run, so the victim then got into the car with Morgan and Morgan's friends and together they went searching for the person who had the fourth rim. They were unable to find the fourth rim, and when they returned to the parking lot, the victim's car and the three rims were missing. Morgan and the victim got out of the car, and Morgan became increasingly angry. Morgan then shot the victim, but the victim ran away when Morgan's gun jammed. Morgan got back in the car with his friends, and they started to leave. After spotting the victim, however, Morgan asked the driver to stop, got out of the car, and fired at the victim again. The victim died of a gunshot wound to the abdomen.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Morgan guilty beyond a reasonable doubt of the crime for which he was convicted.[2]

2. Morgan contends that the trial court erred in charging the jury that it could infer the intent to kill from the use of a deadly weapon. This Court disapproved of this charge in *Harris v. State*.[3] Even though trial counsel did not object to the charge, or reserve objections, Morgan argues that this Court may review the enumeration under OCGA § 5-5-24 (c), which provides that "appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made." However, a *Harris* charge error does not constitute a "substantial error" within the meaning of this statute, and therefore, an improper *Harris* charge is subject to the typical waiver rules.[4] Accordingly, this enumeration was not preserved for review.

3. Morgan also contends trial counsel was ineffective in failing to object to the charge. Even assuming that the failure to object constituted deficient performance, Morgan has not established prejudice.[5]

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] 273 Ga. 608 (543 SE2d 716) (2001).

[4] *Phillips v. State*, 275 Ga. 595, 599 (7) (571 SE2d 361) (2002).

[5] See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984) (claim of ineffective assistance of counsel requires showing of deficient performance and resulting prejudice).

The evidence of malice against Morgan was overwhelming. Accordingly, the error, if preserved, would have been found harmless,[6] and therefore, Morgan cannot show prejudice.

4. Finally, Morgan contends that the trial court erred in failing to charge on voluntary manslaughter. There was no evidence, however, to show that Morgan acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."[7] Accordingly, the trial court did not err in refusing the request to charge on voluntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Virginia W. Tinkler, James D. Michael,* for appellant.

*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.

---

[6] *Stockford v. State,* 276 Ga. 241, 242 (2) (575 SE2d 889) (2003) (giving *Harris* charge is harmless where evidence of malice is overwhelming).

[7] OCGA § 16-5-2 (a); *Tuff v. State,* 278 Ga. 91, 94 (5) (597 SE2d 328) (2004).