## S08A0474. BOYD v. THE STATE.

(663 SE2d 218)

HUNSTEIN, Presiding Justice.

Eddie Clarence Boyd was convicted of malice murder and numerous additional charges arising from his acts at two businesses in downtown Cordele and the subsequent stabbing death of Lanny Michael ("Mike") Morgan. The trial court denied Boyd's motion for new trial[1] and he appeals.

1. The evidence authorized the jury to find that Boyd was released from Valdosta State Prison on June 6, 2006 after serving nine and a half years for cocaine possession. When his family was late meeting his bus in Cordele as planned, Boyd walked away from the station and encountered his former drug dealer, who gave him marijuana and cocaine. The two smoked the marijuana and then went to a boarding house where Boyd used both the cocaine he had been given and more cocaine he purchased with all of the money he had. Before leaving the house, Boyd took a steak knife and put it in his sock. He returned to the bus station where he found his brother and niece waiting, but declined their offer of a ride. Boyd asked for money, but his brother refused.

Walking around downtown Cordele, Boyd first entered Barge Air Conditioning, claimed that he was working undercover with the U. S. Marshals, and began questioning the manager about her vehicle parked outside. When she asked to see some identification, Boyd showed her his Correctional Release Identification Card; she let Boyd use the telephone and then he left. Boyd went down the street to Second Choice, a clothing store; he identified himself to owner Joel Trotter as an undercover FBI agent and said that "something [is] going down here this evening." Boyd told Trotter that he had received a report of stolen goods being sold and that something was outside the back door. As the two walked toward the back of the store, Boyd stopped, reached down, and pulled the knife out of his sock. He caught Trotter by the shirt sleeve and waved the knife in his face, threatening to cut him. When Trotter pushed him away, Boyd

---

[1] The crimes occurred on June 6, 2006. Boyd was indicted in Crisp County on August 14, 2006 and charged with malice murder, attempted armed robbery, two counts of felony murder, two counts of aggravated assault, possession of a knife during the commission of the attempted armed robbery, impersonating an officer, giving a false name to police, cocaine possession, and possession of less than one ounce of marijuana. On March 1, 2007, a jury found Boyd guilty on all counts. The trial court merged the felony murder counts and one of the aggravated assault counts into the malice murder conviction and sentenced Boyd to life imprisonment plus additional consecutive terms for the remaining convictions. Boyd's motion for new trial was filed on March 5, 2007, amended on September 4, 2007, and denied on October 15, 2007; his notice of appeal was timely filed. The appeal was docketed in this Court on November 21, 2007 and submitted for decision on the briefs.

left the store. He then went to Cordele Sash Door and Lumber Company ("Cordele Sash"), entering through the back door of the main office, where manager Mike Morgan was standing behind the counter. Boyd told Morgan and a customer not to move, claiming that he was a GBI agent and stating that "something is fixing to go down in here" and "this store is fixing to be robbed." As Boyd began to walk behind the counter, the customer ran out and went to the police station. A store employee walked into the office to find Boyd with his hand on Morgan's upper chest and neck. When Boyd ran away, the employee saw that Morgan had been stabbed; Morgan died at the hospital soon thereafter. A steak knife covered in Morgan's blood was recovered at the crime scene.

Later that night, a narcotics task force agent saw Boyd, who fit the description of the suspect in Morgan's murder, within a few blocks of Cordele Sash. When the agent stopped and asked his name, Boyd replied that it was Fred. When Boyd was taken into custody, the white t-shirt he was wearing had blood stains containing both his DNA and that of Morgan; Boyd's urine sample tested positive for cocaine and marijuana. Boyd was charged with malice murder; criminal attempt to commit armed robbery at Cordele Sash; felony murder based on the aggravated assault on Morgan; felony murder based on the attempted armed robbery; aggravated assault on Morgan; aggravated assault on Trotter; possession of a knife during the commission of the attempted armed robbery; impersonating an officer to Trotter; giving a false name to police; cocaine possession; and possession of less than one ounce of marijuana.

Boyd argues that the evidence was insufficient to find him guilty of criminal attempt to commit armed robbery at Cordele Sash because he never said that he was going to rob the store, he never demanded money, and the business's cash drawer and surrounding area were not disturbed. A criminal attempt requires the intent to commit a specific crime and the performance of any act constituting a substantial step toward the commission of that crime. OCGA § 16-4-1. " 'Criminal intent is a question for the jury and may be inferred from conduct before, during and after the commission of the crime. (Cits.)' [Cit.]" *Glenn v. State*, 279 Ga. 277, 277-278 (1) (612 SE2d 478) (2005). Here, the jury was authorized to find that, having spent all of his money, Boyd took the substantial step of entering Cordele Sash with a knife with the intent to commit robbery. See generally *Hardy v. State*, 223 Ga. App. 597, 599, n. 1 (478 SE2d 423) (1996) (jury permitted to infer that defendant intended to rob victims even though he never demanded money or goods).

Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find

Boyd guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Conceding the general rule that it is not error to admit a photograph of the victim while in life, *Ledford v. State*, 264 Ga. 60 (14) (439 SE2d 917) (1994), Boyd contends that the trial court erred by allowing the State to introduce a photograph of Morgan with his family. Where, as here, no photograph of the victim alone is available, we have upheld the admission of a photograph of the victim with others. See *Sizemore v. State*, 251 Ga. 867 (2) (310 SE2d 227) (1984) (victim holding an infant); *Mincey v. State*, 251 Ga. 255 (11) (304 SE2d 882) (1983) (victim with her two children). Accordingly, the trial court did not abuse its discretion by admitting the photograph at issue. As the sole purpose of introducing a photograph of the victim in life is to establish the victim's identity, *Cornell v. State*, 277 Ga. 228 (4) (587 SE2d 652) (2003), however, we take this opportunity to emphasize that every effort should be made to proffer a photograph of the victim alone.

3. Boyd cites as error the trial court's charge to the jury that "when the accused testifies, he at once becomes the same as any other witness" and that in evaluating the credibility of his testimony the jury "may take into consideration the fact that he is interested in the result of the prosecution," arguing that the charge unfairly usurped the jury's role in assessing his interest in the case and thus his credibility. We have approved this instruction, see *Kennedy v. State*, 277 Ga. 588 (2) (592 SE2d 830) (2004); *Larry v. State*, 266 Ga. 284 (3) (466 SE2d 850) (1996), as it " '[makes] it plain that the defendant's testimony [is] not to be given different treatment' from that of the other witnesses [cit.]" and " ' "merely state[s] the self-evident fact of [the defendant's] interest in the outcome of the case." ' " *Kennedy*, supra at 590. Accordingly, we find no error.

4. Boyd argues that the trial court erred by refusing to give his requested jury charges on justification, i.e., self-defense, and affirmative defense. "When a [murder] defendant raises the affirmative defense of justification, he must present evidence that he was justified in using deadly force. [Cit.]" *Porter v. State*, 272 Ga. 533, 534 (3) (531 SE2d 97) (2000). Pursuant to OCGA § 16-3-21 (a):

> [A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.

Here, Boyd testified that Morgan refused his request to use the telephone and attempted to lead him toward the door, holding Boyd's

shirt; that Boyd knocked Morgan's hand away and pushed Morgan backwards; and that Morgan came back towards Boyd with his hands up in an aggressive way. Boyd testified that he felt threatened and reached into his sock, got the knife, and swung it at Morgan; he admitted that Morgan was unarmed. There was no evidence to show a reasonable belief on Boyd's part that wielding a knife in a manner likely to cause death or great bodily harm was necessary in order to prevent his own death or great bodily injury. Thus, the trial court did not err in refusing to give his requested charges on justification and affirmative defense.[2] *Heyward v. State*, 278 Ga. 342 (2) (602 SE2d 831) (2004).

5. Boyd also claims that the trial court erred by refusing to give his requested jury charge on voluntary manslaughter. A person commits voluntary manslaughter if he kills another "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). The evidence offered by Boyd regarding his encounter with Morgan, see Division 4, supra, did not show that Boyd was provoked seriously enough to cause a reasonable person to respond as he did. Accordingly, the trial court did not err in refusing to charge the jury on voluntary manslaughter. *Morgan v. State*, 279 Ga. 6 (4) (608 SE2d 619) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Timothy L. Eidson*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.

---

[2] Boyd argues that the trial court was required to instruct the jury on justification and affirmative defense even without his requests to charge because self-defense was his sole defense. See *Tarvestad v. State*, 261 Ga. 605 (409 SE2d 513) (1991). We note, however, that Boyd also requested jury instructions on accident, involuntary intoxication, voluntary intoxication, and insanity.