## 26967. MINDLER *v.* THE STATE.

DECIDED NOVEMBER 17, 1938.

*R. L. LeSueur*, for plaintiff in error.

*E. L. Forrester*, solicitor-general, *R. L. Maynard*, contra.

MACINTYRE, J. Mrs. Katie Mindler was indicted in two counts in the superior court of Sumter County, Georgia, for the offense of kidnapping. The first count was based on the Code, § 26-1601,

which deals with "any person" meaning any man, woman, or child of any age. The second count was based on § 26-1602, which deals with any child under the age of eighteen years. The Code, § 26-1601, declares: "Every person who shall forcibly abduct or steal away any person, without lawful authority or warrant, from this State or any county thereof, and send or convey such person beyond the limits of the State or a county thereof *against his will*, shall be guilty of kidnapping." (Italics ours.) The indictment charged (omitting the formal parts) that the defendant "did then and there, unlawfully and with force and arms, forcibly abduct and steal away one Annie Nell Taylor, without lawful authority or warrant, from Sumter County, Georgia, and did send and convey the said Annie Nell Taylor beyond the limits of said Sumter County, Georgia." The defendant filed a special demurrer to the first count of the indictment, and contended "that it is fatally defective in that it fails to allege that said Annie Nell Taylor was forcibly abducted and stolen away and sent and conveyed beyond the limits of Sumter County, Georgia, *against her will*. There being no allegation that she was so abducted, etc., *against her will*, no offense against the laws of this State is alleged."

"At common law kidnapping is 'the forcible abduction and carrying away of a man, woman, or child from their country and sending them to another.'" *Sutton* v. `State, 122 Ga.* 158, 159 (50 S. E. 60). Neither of the words "abduct" nor "stealing away," as used in the Code, § 26-1601, necessarily connotes the taking away beyond the limits of the county, and the Code recognizes this, in that it says that in addition to the forcible abduction and stealing away of any person he must also be sent and conveyed beyond the limits of the State or county, and not merely be so sent, but he must be so sent against his will, before the crime of kidnapping becomes complete. It will be observed that the indictment is in the language of the above-quoted Code section, except that it fails to allege "against his [her] will." The statute does not say "forcibly or against his will," but says "forcibly and against his will." A single sentence covers the entire Code section, and is in the conjunctive form, not the disjunctive. The abducting and·stealing away from Sumter County,. Georgia, must be forcibly done, and the subsequent sending into another county must be against her will. In other words, though physical force were used in abducting and stealing away

Annie Nell Taylor from one point in Sumter County and carrying her to another point in that same county, if subsequently Annie Nell Taylor consented to going therefrom to a point beyond the limits of Sumter County, Georgia, the defendant would not be guilty of kidnapping. We might analogize it somewhat to rape. Though physical force is used in the first stages of the transaction, if the victim finally consents, the crime of rape is not made out. *Mathews* v. *State,* 101 *Ga.* 547 (29 S. E. 424); *Avery* v. *State,* 12 *Ga. App.* 562 (77 S. E. 892). Thus, if physical force is used in the first stages of a transaction that might later develop into kidnapping, to wit: in abducting or stealing away the victim from one point in Sumter County and conveying her to another point in the same county, and the victim thereafter, for some reason, consents to be sent or conveyed into another county, and is so sent, the crime of kidnapping is not complete; but if the defendant forcibly abducts or steals away the victim from a point in Sumter County, and then the victim is sent and conveyed into another county against her will, whether she is so sent forcibly or not, he would be guilty of kidnapping, the only inhibition as to that element of the offense with reference to sending the victim beyond the limits of the county being that she be sent "against her will." What was alleged to have been done within the limits of and with reference to Sumter County exclusively was alleged as being done forcibly, but what was done with reference to conveying the victim into another county was not alleged to have been done forcibly or to have been done against the victim's will. We do not think the charges in the indictment necessarily imply that the sending and conveying of the victim into another county was done either forcibly or against her will; at most it does not charge or necessarily imply that the sending into another county was against the will of the victim. If we concede that the indictment charges that the victim was forcibly stolen away in Sumter County and forcibly conveyed into another county, still this would not necessarily imply that the conveying into another county was against the will of the victim. To illustrate, if a crowd of schoolboys should forcibly seize and tie in the woods two of their schoolmates in order to keep them from going to school, one of the boys tied up might wish to go to school and be prevented from so doing by the forcible seizure, and his prevention from attending school would be brought about

forcibly and against his will, while the other boy might not wish to go to school, and the prevention of his so doing would be forcible but not against his will.

The allegations of count 1 of the indictment do not set forth every essential element of the offense alleged to have been committed, in that it does not allege that the victim of the kidnapping was sent and conveyed beyond the limits of Sumter County, Georgia, *against her will*. This count was bad, and the demurrer should have been sustained. The verdict was as follows: "We, the jury, find the defendant, Mrs. Katie Mindler, guilty as charged, and recommend misdemeanor punishment." We can not better express the law on such a state of facts than to adopt the language of our Supreme Court in *Sutton* v. *State,* 122 *Ga.* 158, 160 (50 S. E. 60), as follows: "The general rule, is, that where there are several counts in an indictment, a general verdict of guilty is valid if there be one good count, though the others are defective, the presumption being that the verdict was rendered on the good count, and not on the defective ones. This general rule does not apply, however, when there are two counts in an indictment, one good and the other fatally defective, and where a demurrer to the defective count has been improperly overruled. In such a case a general verdict of guilty can not be sustained, since it is impossible to know on which count it was rendered; and if rendered on both, the verdict of necessity must be illegal. 22 Enc. Pl. & Prac. 843-4; McMurtry *v.* State, 38 Tex. Crim. 521; Avirett *v.* State, 76 Md. 510; People *v.* Turner, 113 Cal. 278. As the accused, in the present case, was forced to trial on both counts in the indictment, on the bad as well as on the good, the trial was illegal, and it is not necessary for this court to pass upon the various rulings made during the trial of which complaints were made in the motion for a new trial." The demurrer in the instant case to count 1 of the indictment should have been sustained. *Durden* v. *State,* 152 *Ga.* 441 (110 S. E. 283). *Judgment reversed. Broyles, C. J., and Guerry, J., concur.*