## A04A1731. WILLIAMS v. THE STATE.
### (609 SE2d 122)

MILLER, Judge.

Tonya Williams was indicted for murder in the shooting death of her friend's boyfriend, but the jury found her guilty of only involuntary manslaughter. Following the denial of her motion for new trial, Williams appeals, citing several enumerations of error. Having reviewed these claims, we discern no error and affirm.

The evidence showed that the victim and Williams's friend, Barbara Greenley, began arguing outside Williams's home. The victim insisted that Greenley leave with him but she refused. As Greenley got into her car to leave, Williams came outside and began arguing with the victim, who was sitting in his car.[1] The victim then exited his car and continued to argue with Williams. Williams then began hitting the victim. Greenley got between the two and told the victim to leave. Williams then went inside her home and the victim got back into his car. Williams, enraged, then came out of the house carrying a gun and walking quickly toward the victim. Greenley grabbed Williams by the wrists and struggled with her in an attempt to stop her. The victim once again exited his car, walked toward Williams and Greenley, and began struggling with Williams. The gun then fired, hitting the victim in the stomach, killing him.

1. Williams argues that the evidence was insufficient to sustain the conviction. Under OCGA § 16-5-3 (a): "[a] person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." The evidence here that Williams, wielding a gun, rushed toward the victim and then struggled with him for possession of the gun, in the course of which the gun fired, was sufficient to sustain her conviction for involuntary manslaughter. See *Cook v. State*, 249 Ga. 709, 712 (4) (292 SE2d 844) (1982) (defendant committed reckless conduct by handling gun in such a way as to accidentally cause the death of another).

2. Williams contends that the trial court erred in failing to sustain her objection to the questioning of Greenley. Greenley was asked whether the shooting was an accident. Williams objected on the ground that such issue was a question for the jury. The trial court overruled the objection, and Greenley then explained that as her written statement twice indicated, she did not know whether or not the shooting was an accident. She continued that although she told a

---

[1] The argument between Williams and the victim apparently began when the victim accused Williams of having oral sex with Greenley.

detective at the scene that she thought the shooting was *not* an accident, her opinion had changed by the time she gave her written statement, made after some reflection. Even assuming it was error to allow the question, we see no harm, since taken as a whole, her testimony on the issue was equivocal at most. See *Ray v. State*, 82 Ga. App. 550, 555-556 (3) (61 SE2d 779) (1950) (new affidavit supporting accident theory was "merely cumulative and impeaching in character and would probably not produce a different result on another trial").

3. Williams argues that the court erred in failing to give her requested jury instruction on misdemeanor involuntary manslaughter. See OCGA § 16-5-3 (b) (causing the death of another in the commission of a lawful act in an unlawful manner shall be punished as a misdemeanor). Since Williams's act of charging toward the victim while holding a gun could not qualify as a lawful act, the trial court did not err in refusing to give the instruction. See *Marshall v. State*, 276 Ga. 854, 858 (6) (c) (583 SE2d 884) (2003); see also *Heyward v. State*, 278 Ga. 342, 343 (2) (602 SE2d 831) (2004) (no error in refusing to give requested self-defense charge when there is no evidence to support it).

4. Williams argues that the trial court erroneously considered a pre-sentence report in aggravation of punishment. The record reveals that the trial court considered the report in the course of sentencing Williams to ten years to serve. Williams is correct that "[w]hile the trial judge is authorized to consider pre[-]sentence investigative reports for the limited purpose of determining whether to probate all or part of a defendant's sentence, he is not authorized to consider such reports in aggravation of punishment." (Citations omitted.) *Jones v. State*, 165 Ga. App. 180, 183 (5) (300 SE2d 534) (1983). There is no evidence that the court considered the report in aggravation of Williams's punishment. The trial court's imposition of ten years to serve was within statutory limits (see OCGA § 16-5-3 (a) (unlawful-act involuntary manslaughter punishable by imprisonment for between one and ten years)). The court simply decided not to suspend or probate any portion of the ten-year sentence because of Williams's problems with anger and violence.

5. Williams argues that her trial counsel was ineffective on several grounds. We disagree.

To establish ineffectiveness, a defendant must prove that trial counsel's performance was deficient and but for the deficiency a reasonable probability existed that the result of the trial would have been different. An error by counsel, even if professionally unreasonable, does not warrant reversal of a criminal conviction if it had no effect on the judgment. The trial court's determination that an accused has not been

denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted.) *Smith v. State*, 261 Ga. App. 871, 876 (5) (583 SE2d 914) (2003).

(a) Williams argues that trial counsel was ineffective for failing to object to a series of leading questions asked of Greenley. The following colloquy took place between the State and Greenley:

Q: Okay. You remember the night this happened just before it happened Tonya Williams flew into a rage, don't you?
A: Yes.
Q: And you remember she was the aggressor in the fight?
A: Yes.
Q: And you remember that she went in the house for the purpose of obtaining a gun.
A: Yes.
Q: And she came out with a gun.
A: Yes.
Q: And fought through you to do what she wanted to do.
A: Yes.
Q: And she did it, didn't she?
A: Yes.

Even assuming that trial counsel was ineffective for not objecting to the line of questioning, we cannot say that the failure to object prejudiced Williams's defense. The witness had already testified to many of the facts brought out during the series of questions. See *Reynolds v. State*, 269 Ga. App. 268, 271 (2) (603 SE2d 779) (2004). Since Williams has not shown that the jury would have reached a different verdict but for the leading questions, this claim fails. See id.; see also *Butts v. State*, 273 Ga. 760, 768 (17) (546 SE2d 472) (2001).

(b) Williams contends that trial counsel was ineffective for failing to object to the introduction of a photograph of the victim where no foundation was laid. Generally, photographs of a victim in life are admissible. See *Bagwell v. State*, 270 Ga. 175, 179 (1) (d) (508 SE2d 385) (1998). Further, "[i]t is well settled that the quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." (Citations and punctuation omitted.) *Duckett v. State*, 259 Ga. App. 814, 816 (2) (578 SE2d 524) (2003). Here, the witness testified that the person depicted in the photograph was the victim and that he was the person shot by Williams. This was sufficient to establish a foundation, and any

objection would have been in vain since the photograph was admissible. See id. Thus, evidence supports the trial court's conclusion that Williams has failed to show ineffective assistance.

(c) Williams urges that trial counsel was ineffective for failing to call Williams's daughter as a witness. During the hearing on the motion for new trial, trial counsel testified that he made a tactical decision not to call the daughter as a witness because he had her statement and there was no indication that she would change her testimony. He further explained that since their defense was accident, bringing attention to the daughter's testimony would not help Williams's case. "The decision not to call the witness was a strategic or tactical decision, and a reviewing court must be highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy." (Citations and punctuation omitted.) *Hamilton v. State*, 274 Ga. 582, 589 (13) (555 SE2d 701) (2001). Trial counsel's tactical decision not to call Williams's daughter as a witness provides no basis for a claim of ineffective assistance of counsel here. See *Pippins v. State*, 263 Ga. App. 453, 458 (4) (a) (588 SE2d 278) (2003).

(d) Williams argues that trial counsel was ineffective for failing to request a jury instruction on the use of force in defense of property other than a habitation. See OCGA § 16-3-24. However, there was no evidence that Williams used force in the defense of either real property or personal property. See, e.g., *Barrett v. State*, 275 Ga. 669, 671 (3) (571 SE2d 803) (2002). As such instruction was not adjusted to the evidence, trial counsel was not deficient in failing to request it. See *Goings v. State*, 265 Ga. App. 296, 299 (4) (593 SE2d 751) (2004).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

Decided December 29, 2004 — 

*Braun & Braun, Richard E. Braun, Jr.*, for appellant.
*Tom Durden, District Attorney, Lewis M. Groover, Jr., Assistant District Attorney*, for appellee.