A07A0296. GARRETT v. THE STATE.
(645 SE2d 718)

BERNES, Judge.

A DeKalb County jury found David Garrett guilty of aggravated assault, kidnapping, and two counts of aggravated stalking arising out of incidents occurring on May 8, 2004, and May 11, 2004. On appeal, Garrett claims that the trial court erred in (i) failing to provide appropriate relief for the State's failure to comply with its discovery obligations, (ii) allowing the victim to testify that Garrett raped her, (iii) failing to give a requested jury instruction, and (iv) allowing into evidence a photograph of a card allegedly left by Garrett at the victim's residence. Garrett also asserts numerous grounds of ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that in 2004 the victim and Garrett were married but separated. The victim moved to Georgia in January 2004 from Texas, where Garrett was stationed pursuant to his military service. In April 2004, the victim was standing in the parking lot of her workplace when Garrett drove up and asked her to get in his car. She got in thinking that he just wanted to talk. When they neared the hotel where Garrett was staying, Garrett attacked the victim with a taser gun, stunning her and burning her arms, inner thigh, stomach, and elsewhere. The victim was able to get out and run, but Garrett grabbed her and tried to put her back in the car. Garrett told the victim to put on a pair of handcuffs, but she threw them away.

A police officer arrived in response to a report that a female in a car was screaming. The officer saw that the victim was crying, with marks on her arm. There was a note in the car with a list of items including duct tape, a taser gun, and handcuffs. The taser gun and duct tape were in the car, and a pair of handcuffs was on the ground. The officer arrested Garrett. After this incident the victim obtained a protective order restricting Garrett from contacting her.

Notwithstanding the protective order, on May 8, 2004 Garrett went to the victim's home and left a flower arrangement at the door. The victim did not look to see who had left the flowers, but called the police immediately after a child alerted her that someone was "standing over there." The victim's roommate saw Garrett in the parking lot.

An officer responded to the victim's call. At the scene, the officer found flowers, candles, candy, and a card arranged near the victim's door step. The officer read the card aloud at the scene, and he testified at trial that "the letter just kept saying he was sorry," but that about half way through the author had written that "if I can't have you, then no one else will."

In the early morning of May 11, 2004, the victim was awakened by a gunshot. Garrett entered her bedroom, waving a gun, and said "let's go." Garrett directed the victim to get her things, and with the gun pointed at the victim's side, Garrett led the victim out of the apartment to a nearby car. Garrett drove to his family's house in Louisiana. Garrett stopped at a fast food restaurant and had sexual intercourse with the victim against her will in a bathroom stall. During the trip, Garrett also received telephone calls from his sister and mother. The victim spoke with Garrett's sister and mother and told them that Garrett had kidnapped her at gunpoint and was bringing her to Louisiana.

The Covington, Louisiana, police department received word from the United States Marshal's office that Garrett had kidnapped a woman in Georgia and taken her to a house in Covington. The police activated a response team and forced their way into the Garrett family home, where they found Garrett, Garrett's mother, and the victim. The police took Garrett into custody. The victim gave a statement to the Louisiana police regarding the incident.

1. Garrett claims that the State failed to comply with its reciprocal discovery obligations by failing to timely provide the defense with certain written and taped statements made by the victim in Louisiana. Garrett contends that the State was required to submit this discovery to the defense no later than ten days before trial, but that the statements were not received by the defense until the close of business on the Friday three days before trial. See OCGA § 17-16-4 (a). Garrett argues that the trial court erred in failing to sua sponte grant a continuance or issue an order precluding the use of the

victim's statements, and that the trial court abused its discretion in failing to grant a new trial on account of the allegedly untimely discovery. We disagree.

Pretermitting whether the State upheld its reciprocal discovery obligations, Garrett's failure during trial to assert a discovery violation deprived the trial court of an opportunity to formulate appropriate relief, if any. "If at any time *during the course of the proceedings* it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order [relief]." (Emphasis supplied.) OCGA § 17-16-6. See *Moss v. State*, 275 Ga. 96, 100-101 (7) (561 SE2d 382) (2002) (defendants' failure to request a continuance to cure any prejudice which may have resulted from the State's failure to comply with its discovery obligations waived their right to assert error on appeal stemming from the alleged discovery violation); *Arrington v. State*, 224 Ga. App. 676, 678 (3) (a) (482 SE2d 400) (1997) (failure to object to introduction of evidence on basis of a discovery violation waived any objection based on violation of those statutory provisions). Accordingly, Garrett has waived this issue for purposes of appeal.

2. Garrett claims that the trial court erred in allowing the victim to testify over objection that Garrett raped her. The general rule is that evidence of a crime wholly independent from the crime on trial is not admissible. *Burger v. State*, 242 Ga. 28, 32 (8) (247 SE2d 834) (1978). However, the rule does not apply when the separate crime is "committed as a part of the same transaction as that for which the accused is being tried, and forms a part of the res gestae." (Citation and punctuation omitted.) Id. In this case, the evidence shows that the victim's kidnapping and rape were part of one criminal transaction, and the trial court therefore did not abuse its discretion in admitting evidence of the rape. See, e.g., *Meyers v. State*, 281 Ga. App. 670, 671-673 (2) (637 SE2d 78) (2006) (trial court did not abuse its discretion in admitting evidence that defendant sexually propositioned the victim during course of the burglary for which he was charged). Evidence that the victim did not inform the Louisiana police that she had been sexually assaulted does not render her testimony that she was raped inadmissible. "[A]ny inconsistencies in the victim's testimony raised a credibility issue properly determined by the jury." *Machuca v. State*, 279 Ga. App. 231 (1) (630 SE2d 828) (2006).

3. Garrett contends that the trial court erred in refusing to give his requested charge that: "If a victim is forcibly abducted but later consents to being taken away, there has been no kidnapping." We disagree.

"[I]t has long been the rule in this state that a request to charge must be correct, even perfect, and that it must also be legal, apt,

precisely adjusted to some principle involved in the case and be authorized by the evidence." (Footnote omitted.) *Navarro v. State*, 279 Ga. App. 311, 316 (3) (630 SE2d 893) (2006). Garrett's requested charge is legally incorrect. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). The crime is complete when the victim has been seized and asported to some degree. *Dasher v. State*, 281 Ga. App. 326, 330 (4) (636 SE2d 83) (2006).

Garrett relies on *Mindler v. State*, 58 Ga. App. 759 (199 SE 860) (1938) for the proposition that if he forcibly abducted the victim but she subsequently consented to go with him then Garrett would not be guilty of kidnapping. Garrett's reliance on *Mindler* is misplaced. The Code section at issue in this 1938 decision required a victim to be conveyed beyond the limits of the State or county against his will before the crime of kidnapping was complete. Id. at 760. Thus, if the victim was forcibly abducted within the county but then freely consented to cross the county line there would be no kidnapping. Id. at 760-761. The indictment at issue in *Mindler* failed to specify that the victim was conveyed beyond the county limits against her will, and was therefore defective. Id. at 762. *Mindler* does not stand for the broad proposition that a victim's subsequent consent nullifies a kidnapping, nor does its analysis logically extend to the statute applicable here. The trial court did not err in refusing to give Garrett's requested charge.

4. Garrett claims that the trial court erred in admitting into evidence a photograph of a card allegedly written by Garrett. He claims that the card itself was the best evidence of the writing. "The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." OCGA § 24-5-4 (a). To the extent that the best evidence rule applied, Garrett waived this issue by failing to make a timely objection. See *Roney v. State*, 192 Ga. App. 760, 762 (1) (386 SE2d 412) (1989).

5. Garrett contends that he received ineffective assistance of counsel. We disagree.

> In order to prevail on a claim of ineffective assistance of trial counsel, the defendant must show that counsel's performance was deficient and also that the deficiency prejudiced his defense; he must overcome the strong presumption that counsel's performance fell within a broad range of reasonable professional conduct and must show that there is a reasonable probability that, absent counsel's deficiency, the result of the trial would have been different.

(Citations omitted.) *Brewer v. State*, 280 Ga. 18, 20 (3) (622 SE2d 348) (2005).

(a) Garrett claims that his trial counsel was deficient for failing to request a continuance based upon the State's violation of the criminal discovery statute. OCGA § 17-16-1 et seq. He argues that his trial counsel received materials, including copies of statements by the victim to Louisiana law enforcement officers, only a few days before trial, and that counsel did not have enough time to review the statements for inconsistencies, thereby prejudicing Garrett's defense.

Evidence adduced at the hearing on motion for new trial showed that approximately three weeks before trial defense counsel announced during a calendar call that he was still waiting for additional discovery from the State. He understood from discussions with the State that this discovery consisted of material coming from law enforcement in Louisiana. According to trial counsel, he eventually received the discovery from the State, which had also been waiting for the evidence to arrive, and he went over everything he received with Garrett.

Trial counsel further testified that he felt like he was ready to go to trial. The trial transcript demonstrates that defense counsel cross-examined the victim at length. During the cross-examination, Garrett's trial counsel referenced the victim's statement to Louisiana law enforcement and elicited the victim's admission that she did not accuse Garrett of a sexual assault when she made the statement. Considering the foregoing, the trial court was entitled to find as it did that trial counsel was prepared for trial, shared all evidence with Garrett, and did not need a continuance.

(b) Garrett also claims that his trial counsel was deficient in failing to impeach the victim. In its order denying Garrett's motion for a new trial, the trial court found that trial counsel pursued alleged inconsistencies in the victim's testimony during his cross-examination of the victim. While Garrett suggests that his trial counsel was deficient in failing to pursue specific avenues of impeachment using the victim's Louisiana statement, "the degree to which an attorney chooses to cross-examine witnesses and the manner in which to attack their credibility fall within the ambit of trial tactics." (Citation and punctuation omitted.) *Lawrence v. State*, 274 Ga. 794, 795 (3) (560 SE2d 17) (2002). Further, we are unpersuaded that trial counsel's failure to use the avenues of impeachment suggested by Garrett fell outside the broad range of professional assistance.

(c) Garrett argues that the contents of the card allegedly left by him with the flower arrangement near the victim's door were inadmissible as improper character evidence, and that trial counsel was deficient in failing to object on this ground. However, evidence of the

contents of the note was relevant and material, and "does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence." (Citation and punctuation omitted.) *Bozzuto v. State*, 276 Ga. App. 614, 618 (2) (624 SE2d 166) (2005). Trial counsel was not deficient in failing to make a meritless objection. See *Schaff v. State*, 275 Ga. App. 642, 643 (2) (a) (621 SE2d 595) (2005).

Garrett also claims that his trial counsel was deficient in failing to make a best evidence objection to the admission of what was written on the card. Pretermitting whether a best evidence objection had merit, trial counsel testified that the card had been provided to him by the State. Garrett did not show that if trial counsel had made a best evidence objection that the State could not have introduced the original writing or satisfactorily accounted for its absence. Accordingly, Garrett "has failed to demonstrate a reasonable probability that, but for counsel's failure to assert a best evidence rule objection . . . , the trial's result would have been different." *Capers v. State*, 220 Ga. App. 869, 872-873 (1) (g) (470 SE2d 887) (1996).

(d) Garrett further claims that his trial counsel rendered ineffective assistance because he failed to engage in effective plea negotiations with the State and did not relay any offers made by the State to Garrett. According to trial counsel, the district attorney offered ten years to serve at Garrett's arraignment. Trial counsel relayed the plea recommendation to Garrett, who adamantly refused to accept it. Garrett "cannot show either deficiency or prejudice because [he] fails to present evidence of the existence of an uncommunicated plea offer, or that if there had been an offer, [he] would have accepted it." (Footnote omitted.) *Thomas v. State*, 274 Ga. 156, 164-165 (10) (549 SE2d 359) (2001).

(e) Garrett claims that his trial counsel was ineffective in failing to object to (i) improper character evidence that Garrett had stolen the victim's car, (ii) the hearsay statement of the child that came to the victim's door that someone was "standing over there," (iii) irrelevant and prejudicial evidence of a conversation between Garrett and the victim regarding different types of bullets and the injuries the bullets would inflict, and (iv) the prosecutor asking the victim if the victim wanted Garrett to be punished. However, Garrett failed to raise these specific grounds of ineffective assistance of counsel before the trial court, and they are waived for purposes of appeal. See *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003).

(f) Garrett contends that his trial counsel was ineffective for failing to object to the prosecutor's leading questions. This claim was first raised following the hearing on motion for new trial and pursuant to what Garrett apparently considered to be a reservation to make additional arguments in advance of the trial court's ruling.

Pretermitting whether this claim was also waived, as the State contends, Garrett's claim of ineffective assistance fails because he does not show prejudice arising from his counsel's alleged deficiency. See *Butts v. State*, 273 Ga. 760, 768 (17) (546 SE2d 472) (2001).

In view of the foregoing, the trial court did not err in finding that Garrett had not received ineffective assistance of counsel.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 8, 2007.

*Maurice Bennett*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.