A07A1065. HOWARD v. THE STATE.
(651 SE2d 164)

JOHNSON, Presiding Judge.

After a jury trial, Jerry Wayne Howard, Jr., was convicted of child molestation for touching his 11-year-old cousin's breasts and aggravated child molestation for putting his penis in the girl's mouth. Evidence presented at trial shows that one day when the girl was home sick from school, 18-year-old Howard, who was staying with the girl's family, went into her bedroom, removed her clothes and his clothes, touched her breasts and vagina with his hands, and made her put her hand and mouth on his penis. Howard appeals, claiming that the trial court erred in admitting evidence of a similar transaction that is not sufficiently similar to the instant crimes because it involved his fondling of a six-year-old boy's penis. The argument is without merit.

The similar transaction evidence came from a nine-year-old boy who testified that when he was six years old, he was using the bathroom in his nanny's house when Howard, to whom he is related, came into the bathroom and started touching his private parts. A sheriff's investigator further testified that she interviewed Howard about the incident, and he admitted that he had touched the boy's penis.

---

[19] See *In the Interest of K. A. S.*, supra at 652 (2); *In the Interest of T. B.*, supra at 489 (3); *In the Interest of B. I. F.*, supra at 781 (2).

It is well established that similar transactions need not be identical to be admitted, and in cases involving sexual offenses, that rule is to be liberally construed. Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible. And the sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible.[1]

Liberally construing the rule that in cases involving sexual offenses similar transactions need not be identical to be admitted, we find that Howard's prior sexual abuse of a young male relative is sufficiently similar to the sexual abuse of a young female relative for which he was on trial to make evidence of that prior abuse admissible. Because Howard has failed to show an abuse of discretion by the trial court, we will not disturb the trial court's determination that the similar transaction evidence was admissible.[2]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 10, 2007.

*Donna A. Seagraves*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.

---

[1] (Citation omitted.) *Attaway v. State*, 279 Ga. App. 781, 783-784 (3) (632 SE2d 397) (2006).
[2] See *Trammell v. State*, 253 Ga. App. 725, 727-728 (2) (560 SE2d 312) (2002).