## A09A1595. GUNN v. THE STATE.
(684 SE2d 380)

ELLINGTON, Judge.

A Carroll County jury found Robert Gunn guilty beyond a reasonable doubt of two counts of child molestation, OCGA § 16-6-4; and three counts of sexual battery, OCGA § 16-6-22.1 (b). Following the denial of his motion for a new trial, Gunn appeals, challenging the sufficiency of the evidence with regard to one count of each offense and contending that the trial court abused its discretion in admitting evidence of a similar transaction and that his trial counsel rendered ineffective assistance. For the reasons explained below, we affirm the judgment in part and vacate in part.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows the following. In 2004, Gunn lived with his girlfriend, who worked with the victim's mother. Gunn often babysat the victim, who was then 11 years old, while his girlfriend and the victim's mother were at work. One morning, after the victim had spent the night at Gunn's residence, Gunn crawled into bed with the victim. He rubbed the victim's back with his hand and then touched her breast underneath her clothing. Gunn then put his hand inside the victim's pajama pants, touched her inner thighs, and rubbed her genital area over her panties.

The State indicted Gunn in five counts, charging as follows: in Count 1, that Gunn committed child molestation "by touching the vagina of [the victim] with the hand of said accused"; in Count 2,

[23] *United Cos. Lending Corp. v. Peacock,* 267 Ga. 145, 147 (2) (475 SE2d 601) (1996).
[1] *Jackson v. Virginia,* 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

that Gunn committed child molestation "by touching the breast of [the victim] with the hand of said accused"; in Count 3, that Gunn committed sexual battery "by intentionally mak[ing] physical contact with the inner thigh of [the victim] . . . without [her] consent"; in Count 4, that Gunn committed sexual battery "by intentionally mak[ing] physical contact with the genital area of [the victim] . . . without [her] consent"; and, in Count 5, that Gunn committed sexual battery "by intentionally mak[ing] physical contact with the breasts of [the victim] . . . without [her] consent[.]" The jury found Gunn guilty beyond a reasonable doubt on all five counts, and the trial court imposed sentence on each count.

1. Gunn contends that the touching of the victim's vagina alleged in Count 1 and the intentional making of physical contact with the victim's genital area alleged in Count 4 both required proof of skin-to-skin contact. Because there is no evidence that Gunn put his hand inside the victim's panties or touched the skin of her vagina or genital area, he contends that the trial court erred in denying his motion for a directed verdict of acquittal on Counts 1 and 4. Gunn, however, failed to identify any legal authority for his argument. We decline to hold that evidence of skin-to-skin contact was required to prove that Gunn touched the victim's vagina or made physical contact with the victim's genital area, as alleged in the indictment. Cf. *Engle v. State*, 290 Ga. App. 396, 399 (4) (659 SE2d 795) (2008) (placing a hand on the outside of the victim's clothing over her vaginal area constituted sexual battery); *Stafford v. State*, 288 Ga. App. 733, 734 (655 SE2d 221) (2007) (rubbing a child's genital area through her clothing constituted child molestation); *Walsh v. State*, 236 Ga. App. 558, 562 (4) (512 SE2d 408) (1999) (accord). Gunn's sufficiency argument lacks merit.

2. We conclude, however, that two counts of sexual battery merged into the child molestation convictions. Specifically, Count 4, sexual battery by touching the victim's genital area, merged with Count 1, child molestation by touching the victim's vagina, and Count 5, sexual battery by touching the victim's breast, merged with Count 2, child molestation by touching the victim's breast. *Davenport v. State*, 277 Ga. App. 758, 761 (2) (627 SE2d 133) (2006) (conviction for aggravated sexual battery, based on the defendant penetrating the victim's vagina with his finger, merged as a matter of fact with conviction for child molestation, based on the defendant touching the victim's genital area with his hand, because the only evidence that defendant touched the victim's genital area was in connection with his penetration of her vagina with his finger); *Shamsuddeen v. State*, 255 Ga. App. 326, 327 (2) (565 SE2d 544) (2002) (accord). Because a judgment of conviction and a sentence imposed on that conviction are void if the offense is included as a

matter of law or fact in another crime for which the defendant was convicted and sentenced, the trial court erred in imposing a separate sentence on the jury's verdicts on Counts 4 and 5. *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). We are compelled, therefore, to vacate the judgment in part, to the extent of the separate sentence imposed on Counts 4 and 5, even though Gunn failed to raise this issue in the court below or to enumerate it as error on appeal. Id.

3. Gunn contends that three prior bad acts were not sufficiently similar to the charged acts to be admissible as similar transactions and, therefore, the trial court abused its discretion in admitting the evidence.

The conduct of an accused in other transactions is generally irrelevant and inadmissible. OCGA § 24-2-2. Evidence of similar transactions may be admissible, however, contingent upon three affirmative showings:

> (1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.

(Citation omitted.) *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001), citing *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). "The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses." (Punctuation and footnote omitted.) *Ingram v. State*, 280 Ga. App. 467, 473 (2) (634 SE2d 430) (2006). Before admitting similar transaction evidence, the trial court must hold a hearing where the State bears the burden of showing that the evidence of similar transactions is admissible under the three-prong test. *Myers v. State*, 256 Ga. App. 135, 141-142 (3) (567 SE2d 742) (2002). See Uniform Superior Court Rule 31.3.

> When reviewing the trial court's factual findings regarding whether the State satisfied the three-prong test, we apply the clearly erroneous standard. Further, the decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.

(Citations omitted.) *Flowers v. State*, 269 Ga. App. 443, 444 (1) (604 SE2d 285) (2004).

One similar transaction witness testified that Gunn dated her

mother and lived with her family for about seven years. Several years before Gunn's trial in the instant case, when the witness was fifteen years old, Gunn gave the witness four or five shots of tequila. As the witness lay on her bed, heavily intoxicated, Gunn entered her room, kissed her, and inserted his fingers into her vagina.

A second similar transaction witness testified that, several years before Gunn's trial, Gunn lived in her neighborhood and often gave her driving lessons while she sat in his lap or between his legs. During one of these driving lessons, when the witness was approximately fourteen years old, Gunn reached inside her pants and inserted his fingers into her vagina.

A third similar transaction witness, testified that he spent the night at Gunn's residence one night, that Gunn woke the witness up by putting his tongue in the witness's mouth, and that Gunn then put his mouth on the witness's penis. The witness also saw Gunn put his mouth on the breast of the witness's younger sister. A forensic interviewer testified that the witness was seven years old at the time of the alleged molestation, which occurred just two months before Gunn's trial on the charges at issue here.

The trial court admitted evidence regarding the three similar transactions for the purpose of showing Gunn's intent or state of mind and instructed the jury accordingly.

Gunn contends that the three prior acts of molestation were not sufficiently similar to the charged acts to be admissible, particularly the third act that involved a different sex act (oral sodomy) than was alleged in the instant case and a victim who was of the opposite gender and four years younger.

> It is well established that similar transactions need not be identical to be admitted, and in cases involving sexual offenses, that rule is to be liberally construed. . . . [T]he sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible.

(Footnote omitted.) *Howard v. State*, 287 Ga. App. 214, 215 (651 SE2d 164) (2007). This is because sex crimes against children require "a unique bent of mind." (Footnote omitted.) *Boynton v. State*, 287 Ga. App. 778, 780 (3) (653 SE2d 110) (2007). Liberally construing the rule that in cases involving sexual offenses similar transactions need not be identical to be admitted, we find that Gunn's prior sexual abuse of these three other children is sufficiently similar to the sexual abuse of the child in this case to make evidence of that prior abuse admissible. Because Gunn has failed to show an abuse of

discretion by the trial court, we will not disturb the trial court's determination that the similar transaction evidence was admissible. *Howard v. State*, 287 Ga. App. at 215.

4. Gunn contends his counsel's performance was deficient in failing to call the victim's treating psychiatrist as a witness.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003).

Gunn contends the psychiatrist's testimony would have undermined the victim's credibility. At the hearing on Gunn's motion for a new trial, counsel testified that he decided not to call the witness for two main reasons. First, the witness wanted to be paid as an expert witness, and, in counsel's experience, a doctor who is unhappy about testifying because he is not being paid for his time has a way of punishing the subpoenaing party by giving testimony that is not helpful. In addition, Gunn's counsel testified that he called another mental health professional who had counseled the victim and that he elicited testimony from that witness of the same substance as he would have elicited from the psychiatrist. The manner in which an attorney chooses to attack a witness's credibility "fall[s] within the ambit of trial tactics." (Citation and punctuation omitted.) *Lawrence v. State*, 274 Ga. 794, 795 (3) (560 SE2d 17) (2002). Here, the decision not to call the witness was a strategic or tactical decision, "and a reviewing court must be highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy." (Citations and punctuation omitted.) *Williams v. State*, 271 Ga. App. 166, 169 (5) (c) (609 SE2d 122) (2004). Trial counsel's tactical decision not to call the psychiatrist as a witness provides no basis for a claim of ineffective assistance of counsel. *Garrett v. State*, 285 Ga. App. 282, 286 (5) (b) (645 SE2d 718) (2007); *Williams v. State*, 271 Ga. App. at 169 (5) (c).

*Judgment affirmed in part (as to Counts 1, 2, and 3) and vacated in part (as to Counts 4 and 5). Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 25, 2009.

*Drummond & Swindle, Jason W. Swindle, Word & Simmons, Maryellen Simmons*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Jeffery W. Hunt, Assistant District Attorneys*, for appellee.