## A10A1380. NELSON v. THE STATE.
### (699 SE2d 783)

ELLINGTON, Judge.

A Gwinnett County jury found Demetrius Nelson guilty of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b); and giving a false name to a police officer, OCGA § 16-10-25. Nelson appeals from the denial of his motion for new trial, contending that the trial court erred in admitting hearsay and similar transaction evidence, that his trial counsel was ineffective, and that the evidence was insufficient to support his conviction for possession of cocaine with intent to distribute. Finding no error, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). It is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On May 12, 2008, based upon a tip from a confidential informant, officers with the Gwinnett County Drug Task Force learned that crack cocaine was being sold out of Room 223 of America's Best Inn in Norcross. The confidential informant, accompanied by an undercover officer, went to Room 223 to purchase cocaine. While the officer waited outside, the informant went into the room and used two marked $20 bills to purchase cocaine. When the informant came out, the officer went into the room. He bought $100 of cocaine from one of the two men in the room, later identified as Gregory Heard, using two $50 bills. The officer testified that Heard pulled out a wad of drugs from the crotch area of his pants and weighed a rock of

cocaine on a digital scale. Before leaving the hotel room, the officer asked Heard if he could buy more drugs. Heard said "yeah," that he could get the detective anything he wanted. In the presence of and indicating the other man in the room, later identified as defendant Nelson, Heard said "let me give you my brother's number." Although Heard and Nelson are not related by blood or marriage, Nelson is the father of Heard's sister's child. After getting Nelson's cell phone number, the officer left the hotel with the informant.

Shortly after the undercover officer and informant purchased the drugs, the lead detective obtained a search warrant for the room based upon the two undercover buys. Before returning to the hotel room to execute the warrant, the undercover officer called the number Heard had given him and spoke with Heard about buying more cocaine. Heard told him to "come and get it." About two hours after the initial buys, the detective and several officers executed the warrant. Upon entering the room, the officers found Nelson standing near the door, Heard standing between the room's two beds, and a man and a woman crouched against the wall furthest from the door. After securing the room's occupants, the officers searched the room and videotaped what they found. The videotape was played for the jury.

A search of the room and its occupants revealed the following: 10.2 grams of crack cocaine, broken into small "rocks," found in the crotch area of Heard's pants; digital scales, small plastic bags, three rocks of crack cocaine, $40 in cash, and a small amount of marijuana found in plain view on the night stand; fragments of cocaine and fresh cut marks on a table where cocaine had been recently cut up for sale; several plastic bags containing a white, powdery residue found in the trash can; a crack pipe found near the man and woman crouching near the floor; and a cell phone and $320 in cash found in Nelson's pockets, which included the marked bills from the informant and the two $50 bills from the undercover officer. The officers found no cash on the others. The detective described the scene as "a drug deal in progress." He also opined that the amount of drugs was consistent with sale and not personal use, that the street value of the drugs exceeded $1,000, that the amount of cash on Nelson was consistent with drug sales, and that the room was set up for the street-level sale of illegal drugs.

When questioned, Nelson initially told the officers his name was Jonathan Dallas. But, after one of the officers recognized Nelson from a previous arrest, Nelson gave his true name. The State introduced similar transaction evidence of Nelson's 2001 arrest and conviction for possession with intent to distribute cocaine, showing that Nelson was arrested at a nearby hotel for possessing a large amount of cocaine that had been packaged for street-level sales, along with scales, plastic bags, razor blades, and over $1,400 in cash.

Nelson challenges the sufficiency of the evidence, arguing that he was merely present in the room, that Heard alone possessed and sold the drugs, and that his spatial proximity to the drugs was insufficient to support his conviction for possession of cocaine with the intent to distribute. We disagree. The evidence was sufficient to support Nelson's conviction beyond a reasonable doubt as a party to the crime.

A defendant who does not directly commit a crime nevertheless may be convicted as a party to the crime if he intentionally aids in or abets its commission. See OCGA § 16-2-20 (b) (3); *Green v. State*, 298 Ga. App. 17, 20 (1) (679 SE2d 348) (2009). "Whether a person is a party to a crime may be inferred from that person's presence, companionship, and conduct before, during and after the crime." (Footnote omitted.) *Marshall v. State*, 275 Ga. 740, 742 (4) (571 SE2d 761) (2002).

The evidence supports a finding that Nelson was present in the small hotel room filled with drugs and drug paraphernalia in plain view during at least three drug transactions that occurred within a two-hour period, that he possessed the two marked bills taken from the informant and the $50 bills taken from the undercover officer, that he alone possessed the cash proceeds from the drug sales, that he permitted Heard to give out his cell phone number so that the undercover officer could make future drug deals with them, that he lied about his identity to the police, and that he previously had been convicted of a similar crime. Given this evidence, the jury was authorized to conclude that Nelson was a party to the possession and distribution of the cocaine found on Heard's person and in the hotel room and that he shared Heard's criminal intent to distribute the drugs. See *Haywood v. State*, 301 Ga. App. 717, 719-720 (1) (689 SE2d 82) (2009).

2. Nelson contends the trial court erred in allowing the undercover officer to testify that Heard said "let me give you my brother's number." He argues that the statement was inadmissable hearsay testimony. However, the officer's testimony about what Heard said to him during the course of the crime of selling cocaine and in furtherance of buying more cocaine was admissible as part of the res gestae. OCGA § 24-3-3 ("Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae."); *Height v. State*, 221 Ga. App. 647, 649 (3) (472 SE2d 485) (1996).

3. Nelson contends the trial court erred in admitting evidence of his 2001 conviction for possessing cocaine with intent to distribute as a similar transaction because the State failed to prove a proper purpose for that evidence.

To introduce evidence of a similar transaction, the State must show three things: (1) that evidence of the independent offense is being introduced for an appropriate purpose and not to impugn the defendant's character; (2) sufficient evidence establishes that the defendant committed the independent offense; and (3) the independent offense is sufficiently connected or similar to the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). When considering the admissibility of similar transaction evidence, the proper focus is on the similarities between the prior act and the charged crime, not the differences. *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009).

Following a hearing during which the State produced the testimony of two police officers, the trial court ruled that the State sought to introduce evidence of the 2001 crime for a proper purpose, which was to show "motive, intent, course of conduct and bent of mind," which was relevant to the issue of whether Nelson knowingly participated in possessing and distributing the drugs found in the hotel room in the case-in-chief. The two crimes were sufficiently similar because, on both occasions, Nelson possessed large amounts of cocaine in a hotel room along with cash and drug paraphernalia indicating an intent to distribute the drugs. The State also established that Nelson was the perpetrator of both offenses. Given this evidence, the trial court's determination that the State met the requirements for the admission of the similar transaction was not clearly erroneous.

4. Nelson contends his trial counsel was ineffective for not calling Heard as a defense witness. Heard, who had been subpoenaed to trial, was prepared to testify that he alone possessed the drugs. Nelson's trial counsel testified at the new trial hearing, however, that he decided not to call Heard for fear that, under cross-examination, Heard would reveal Nelson's status at the time of the crime as a parolee from a 15-year prison sentence. The prosecutor had expressed an intent to use that information to argue that Heard, who was not on probation or parole, was a "minion" who was "tak[ing] the fall" for the crime to protect his "brother," the real drug dealer who did not want to serve the remaining eight years of his sentence. Moreover, counsel was concerned that the State, during cross-examination, could further explore statements made by Heard to the police during the commission of the crime. Before making her decision not to call Heard as a defense witness, counsel, a veteran criminal trial attorney, sought the advice of her colleagues.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's

performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003).

Here, counsel's decision not to call Heard as a witness was a strategic or tactical decision, "and a reviewing court must be highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy." (Citations and punctuation omitted.) *Williams v. State*, 271 Ga. App. 166, 169 (5) (c) (609 SE2d 122) (2004). Trial counsel's tactical decision not to call Heard as a witness, which was well founded on legitimate concerns about the possible damage his testimony could do to Nelson, provides no basis for a claim of ineffective assistance of counsel. See id.; *Garrett v. State*, 285 Ga. App. 282, 286 (5) (b) (645 SE2d 718) (2007). Therefore, we find no error.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JULY 29, 2010.

*Brown & Gill, Angela B. Dillon*, for appellant.

*Daniel J. Porter, District Attorney, Carole Cox, Assistant District Attorney*, for appellee.