# Court of Appeals
# of the State of Georgia

ATLANTA,   August 15, 2013   

*The Court of Appeals hereby passes the following order:*

**A13A2165.  DEMETRIUS D. NELSON v. THE STATE.**

In 2008, Demetrius Nelson was convicted of possession of cocaine with intent to distribute and giving a false name and acquitted of sale of cocaine and possession of less than one ounce of marijuana.  This Court affirmed Nelson's convictions, rejecting his challenge to the sufficiency of the evidence as to his drug conviction. See *Nelson v. State*, 305 Ga. App. 425 (699 SE2d 783) (2010).  In 2013, Nelson filed a "Motion to Vacate a Void Sentence," alleging that his convictions should be reversed because the evidence that served as the basis for his acquittal of two of the drug charges demanded his acquittal in the other.  The trial court denied the motion, and Nelson appeals.

A direct appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  Nelson's argument, however, is a challenge to his convictions, not to his sentence.  See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).  As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See

*Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). For these reasons, Nelson's appeal is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
　　　　*Clerk's Office, Atlanta,*　08/15/2013
　　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*