# Court of Appeals
# of the State of Georgia

ATLANTA, January 23, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0878.  DEMETRIUS D. NELSON v. THE STATE.**

In 2008, Demetrius Nelson was convicted of several offenses, including possession of cocaine with intent to distribute, and his conviction was affirmed on appeal.  See *Nelson v. State*, 305 Ga. App. 425 (699 SE2d 783) (2010).  Nelson has since filed numerous pro se motions seeking to challenge his conviction and sentence.[1] Most recently, Nelson filed a motion to vacate a void sentence, an extraordinary motion for new trial, and a motion alleging a void judgment.  All three motions allege that Nelson's conviction for possession with intent to distribute should have merged with a count of possession for which he was acquitted.  The trial court denied the motions on December 3, 2013, and Nelson filed this appeal.  We lack jurisdiction.

As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  But a claim that a trial court erred in failing to merge convictions is a challenge to the convictions, not to the sentence. *Williams v. State*, 287 Ga. 192 (695 SE2d 244)

---

[1] On August 15, 2013, we dismissed a direct appeal in which Nelson sought to challenge the validity of his sentence.  See Case Number A13A2165.

(2010).  Thus, any appeal from an order denying or dismissing such a challenge to the convictions is subject to dismissal.  See id.; *Harper v. State*, supra.  Because Nelson has not raised a valid void sentence claim, this appeal is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 01/23/2014
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] The fact that Nelson also raised this argument in the guise of an extraordinary motion for new trial does not confer jurisdiction upon this Court as the denial of an extraordinary motion for new trial may only be appealed by discretionary application. See OCGA § 5-6-35 (a) (7).