# Court of Appeals
# of the State of Georgia

ATLANTA,  March 31, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1131.  DEMETRIUS DION NELSON v. THE STATE.**
**A17A1132.  DEMETRIUS DION NELSON v. THE STATE.**

In 2008, Demetrius Nelson was convicted of several offenses, including possession of cocaine with intent to distribute, and that conviction was affirmed on appeal.  See *Nelson v. State*, 305 Ga. App. 425 (699 SE2d 783) (2010).  Nelson has since filed numerous pro se motions seeking to challenge his conviction and sentence.[1]  Most recently, Nelson filed an extraordinary motion in arrest of judgment in 2015 (Case No. A17A1131), and a motion to vacate a void and illegal sentence in 2016 (Case No. A17A1132).  In the motions, he claimed that his conviction was void because the evidence was insufficient to support the conviction, the conviction should have merged with a count of possession for which he was acquitted, the statute of conviction is unconstitutional, and his indictment was deficient.  The trial court denied the motions, and Nelson filed these two appeals.  We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in

_____

[1] See Case No. A14A0878 (Jan. 23, 2014) (dismissing appeal of denial of motion to vacate a void sentence, extraordinary motion for new trial, and motion alleging a void judgment); Case No. A13A2165 (Aug. 15, 2013) (dismissing appeal of denial of motion to vacate a void sentence).

fact, void. See *Harper*, 286 Ga. at 217, n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Nelson does not claim in his motions that his sentence exceeded legal limits. Rather, his claims constitute a challenge to the validity of his conviction, not his sentence, and therefore we lack jurisdiction. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010); see also *Rubiani v. State*, 279 Ga. 299, 299, n.1 (612 SE2d 798) (2005) (the substance of a motion, rather than its nomenclature, controls). Further, to the extent his claims were properly raised in a motion in arrest of judgment, that motion was untimely, because it was not filed during the term of court at which the judgment was obtained. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012); see also OCGA § 15-6-3 (20) (the terms of court for the Superior Court of Gwinnett County commence on the first Monday in March, June, and December, and the second Monday in September, of each year). Accordingly, these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__03/31/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*