# Court of Appeals
# of the State of Georgia

ATLANTA,  February 13, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1048.  DEMETRIUS DION NELSON v. THE STATE.**

In 2008, a jury found Demetrius Nelson guilty of possession of cocaine with intent to distribute and giving a false name to a police officer.  The trial court sentenced Nelson as a recidivist to a total of 10 years in prison, to be followed by 30 years on probation.  We affirmed the denial of Nelson's motion for a new trial in 2010.  *Nelson v. State*, 305 Ga. App. 425 (699 SE2d 783) (2010).  We subsequently dismissed Nelson's appeals from the denials of (i) his motion to vacate a void sentence, *Nelson v. State*, No. A13A2165 (Aug. 15, 2013); and (ii) a second motion to vacate a void sentence, an extraordinary motion for a new trial, and a motion alleging a void judgment, *Nelson v. State*, No. A14A0878 (Jan. 23, 2014).  In 2015 and 2016, Nelson filed an "extraordinary" motion in arrest of judgment, yet another motion to vacate a void sentence, and an amended motion to vacate a void sentence, each of which the trial court denied.  We dismissed Nelson's ensuing appeals in a single order on grounds that, inter alia, to the extent that any of the claims raised in these motions was properly raised in a motion in arrest of judgment, it was untimely because it was not filed during the term of court in which his judgment of conviction was entered.  *Nelson v. State*, Nos. A17A1131 & A17A1132 (Mar. 31, 2017).

In December 2017, Nelson filed another motion in arrest of judgment in which he raised several challenges to his indictment and conviction for possession with intent to distribute cocaine.  The trial court denied Nelson's motion, and he filed this direct appeal.

"It is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court, and that the law of the case

doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases." *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (citations and punctuation omitted). Our dismissal of Nelson's appeal from the denial of his prior motion in arrest of judgment precludes us from revisiting the same issue in the instant appeal. See id. at 328. To the extent that Nelson's motion could be construed as a motion to vacate his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For each of the above reasons, Nelson is not entitled to a direct appeal in this case. Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  02/13/2018*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



                                          , *Clerk.*